*632 opinion.
Littleton:
The petitioner reported no income from sale of his interest in certain property to The Bassick Company on December 29, 1919, and claims that he is not subject to tax thereon for the reason that he assigned his rights under the agreement to his wife. The Commissioner apparently held that the transaction between the petitioner and others, and The Bassick Company, was an installment sale and determined the petitioner’s gain in the taxable years 1920 and 1921 upon that basis. The Commissioner insisted that the purported assignment by petitioner to his wife of his right, title, and interest under the agreement with The Bassick Company was only a pretended one and that it was not bona -fide.
The Board is of the opinion that the Commissioner’s determination was correct. We believe the petitioner did not relinquish his right, title, and interest to the proceeds of the sale. Every installment was paid to and received by him. For a period of five months he deposited the payments in his individual bank account. Thereafter, as he received payments, they were deposited by him in a joint bank account which he had opened in the name of himself and his wife. *633 A large amount of the proceeds of the sale was used by him to discharge and liquidate his personal indebtedness. No portion of the money was expended or invested without his advice and consent. With the two exceptions of the Florida real estate and the Unity Oil & Gas Co. stock, all expenditures and investments were for the joint use and benefit of the petitioner and his wife. The record does not specifically show, but the evidence would indicate, that the petitioner in some cases disbursed the money. The proceeds of the sale were so held by the petitioner that they were at all times subject to his use and disposition. The expenditures and investments indicated nothing more than that, as a prudent husband and father, the petitioner was handling the fruits of his labor in what he regarded as a wise and judicious manner. With the exception of the property sold on December 29, 1919, petitioner’s only assets consisted of $10,000 par value of capital stock of the Alemite Die-Casting & Mfg. Co. and a residence of the approximate value of $18,000, owned by himself and his wife jointly.
We are of opinion from the entire record that the petitioner did not by the assignment part absolutely with his right, title, and interest in the unpaid installments provided in the sales agreement, and that the Commissioner correctly held that whatever gain resulted from the payments made to petitioner during the taxable years was income to him.

Judgment will be entered, for the Commissioner.